IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42063-TLS |
| | ) | |
| DOYLE A. DAAKE and | ) | CH. 7 |
| PAMELA L. DAAKE, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on October 5, 2011, regarding Fil. #14, Amended Motion for Relief from Stay, filed by Kanda Garrelts, and Fil. #21, Resistance, filed by the debtors. Thomas Watson appeared for the debtors and Victor Covalt appeared for Kanda Garrelts.

At the time this bankruptcy case was filed, there was a case pending in the District Court of Gosper County, Nebraska, entitled *Kanda Garrelts v. Doyle Daake, Larry White, and the Village of Smithfield, a Political Subdivision of the State of Nebraska*, Case No. CI 11-3 ("Personal Injury Action").

The personal injury action case arose from injuries suffered by the plaintiff during the 4th of July celebration held by the defendant Village of Smithfield in which defendant Doyle Daake, while allegedly intoxicated, discharged a homemade cannon owned by defendant Larry White into Ms. Garrelts' face causing her serious and permanent physical injuries and damages. The personal injury action seeks a determination of liability and recovery of damages from all three defendants.

As a result of the filing of this bankruptcy, the personal injury action in the Gosper County District Court has been stayed.

Ms. Garrelts has moved for relief from the automatic stay to permit her to continue with the litigation against all three defendants. It is her position that determination of the liability of the Village of Smithfield, which is not in bankruptcy, cannot be made without a determination of liability and damages of this debtor and the other individual defendant in the Gosper County personal injury action.

The debtor resists the motion for relief on the grounds that, if relief is granted and he is required to defend the state court action, he will be required to incur several thousand dollars of attorney fees for such defense. Since he apparently has no insurance to cover the defense costs, and no other party has offered to cover the defense costs, it is his position that granting such relief would create a significant hardship. In addition, he argues, without case law support, that the plaintiff can litigate the liability and damage issues with the Village of Smithfield without the necessity of joining the individual debtors as parties.

The Nebraska Court of Appeals, in the case of *Lackman v. Rousselle,* 585 N.W.2d 469 (Neb. Ct. App. 1998), has made it clear that because of the Nebraska statutes concerning contributory negligence and comparative negligence and the Nebraska case law concerning contribution of joint tortfeasors, the trier of fact must have all of the potentially liable parties before it in order to render a proper verdict.

The United States Bankruptcy Appellate Panel of the Eighth Circuit has discussed in at least two cases the propriety of granting relief from the automatic stay to permit plaintiffs to continue litigation against bankruptcy debtors in a non-bankruptcy forum: *Blan v. Nachogdoches Cnty. Hosp.*

*(In re Blan)*, 237 B.R. 737 (B.A.P. 8th Cir.1999), and *Bergman v. Wintroub (In re Wintroub)*, 283 B.R. 743 (B.A.P. 8th Cir. 2002).

In those cases, the Bankruptcy Appellate Panel informs that a decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court and will be reviewed for an abuse of discretion. Under 11 U.S.C. § 362(d)(1), the bankruptcy court may grant relief from the automatic stay for cause. "Cause" is not defined in the Bankruptcy Code but Congress contemplated relief from the automatic stay to allow litigation involving the debtor to proceed in another forum under appropriate circumstances. *Wintroub*, 283 B.R. at 745 (citing *Blan*, 237 B.R. at 739).

The bankruptcy court is required to balance the potential prejudice to the debtor, the bankruptcy estate, and the other creditors against the hardship to the movant if it is not allowed to proceed in the other forum. Factors to consider include judicial economy, trial readiness, the resolution of primary bankruptcy issues, the movant's chance of success on the merits, the cost of defense or other potential burdens to the estate, and the impact of litigation on other creditors. *Blan*, 237 B.R. at 739.

In this case, the potential prejudice to the debtor is directly related to the costs of defense. If relief is granted, the debtor has a choice of whether or not to employ the services of an attorney to defend the case. Any relief granted to the plaintiff will not include a right to execute on any judgment obtained against the debtor and a discharge of the obligation will be entered unless the plaintiff successfully brings a non-dischargeability action in the bankruptcy court. All the other factors mentioned above favor the plaintiff. The plaintiff will be unable to obtain complete relief in the Gosper County action unless all of the defendants are before it. No other creditors are involved in this matter. The bankruptcy case is a no-asset case and, therefore, there will be no impact on the bankruptcy estate itself. The Gosper County action is not related in any way to primary bankruptcy issues.

Balancing all of the concerns, I believe it is appropriate to grant the relief requested. Therefore, the automatic stay is lifted to permit the continuation of the Gosper County personal injury action against the debtor. However, if a judgment is entered against the debtor, the plaintiff is prohibited from execution or taking any collection action against the debtor or the property of the debtor until or unless a determination of non-dischargeability is made in the bankruptcy court.

IT IS ORDERED that the Amended Motion for Relief from Stay, Fil. #14, is granted

DATED:    October 13, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  Thomas Watson
  *Victor Covalt
  U.S. Trustee
  Movant (*) is responsible for giving notice to other parties if required by rule or statute.